Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| | | |
|---|---|---|
| JOSÉ DEL RÍO FERRER, TERESA MONTESINOS ROIG Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br>Peticionarios<br><br>v.<br><br>WESTERN MEDICAL HOSPICES, INC; SR. LUIS H. RUIZ SIERRA, SU ESPOSA MARÍA DE LOS ÁNGELES SANTIAGO Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA ENTRE AMBOS; SEÑORA ZORAIDA ACEVEDO ROSA, SR. RAFAEL CARRERO MEJÍAS Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA ENTRE AMBOS<br>Recurridos | TA2026CE00352 | *Certiorari* procedente del Tribunal de Primera Instancia Sala de Mayagüez<br><br>Caso Núm. MZ2022CV00662<br><br>Sobre:<br>Acción Derivativa Acción Directa; Rendición de Cuenta Fraude; Opresión de Accionistas Minoritario; Incumplimiento de Deberes Fiduciarios |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Adames Soto, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de mayo de 2026.

Comparece el señor José del Río Ferrer, la señora Teresa Montesinos Roig y la Sociedad Legal de Gananciales compuesta por ambos (los peticionarios), mediante recurso de *certiorari*, solicitando que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI), denegando de plano la *Moción de Sentencia Sumaria* instada por los primeros.

Los peticionarios aducen que el foro recurrido incidió al denegar de plano su solicitud de sentencia sumaria, puesto que dicha moción cumplió cabalmente con los requerimientos que impone la Regla 36 de Procedimiento Civil, *infra*, para que fuera considerada y obligara, de ser

denegada, a la determinación de hechos incontrovertidos y hechos en controversia.

Tienen razón los peticionarios; tocaba al TPI cumplir con los requisitos que impone la Regla 36.4 de Procedimiento Civil, *infra*, cuando deniega una moción de sentencia sumaria. Por tanto, expedimos el recurso de *certiorari* y ordenamos la devolución del asunto al foro primario para que cumpla con la regla citada.

## I. Resumen del tracto procesal

El 5 de mayo de 2022, los aquí peticionarios presentaron una *Demanda* contra Western Medical Hospice, Inc. (WMH), el señor Luis Ruiz Sierra, la señora María de los Ángeles Santiago, la Sociedad Legal de Gananciales compuesta por el señor Ruiz y la señora de los Ángeles, la señora Zoraida Acevedo Rosa, el señor Rafael Carrero Mejías y la Sociedad Legal de Gananciales compuesta por la señora Acevedo y el señor Carrero (los recurridos).

En respuesta, el 26 de septiembre de 2022, los recurridos (con excepción de WMH) presentaron su *Contestación a Demanda*, negando las alegaciones dirigidas en su contra.

Iniciado el descubrimiento de prueba, los peticionarios cursaron a los recurridos un pliego de interrogatorio y solicitud de producción de documentos. Sin embargo, por cuanto los segundos no brindaron contestación a tales requerimientos, el TPI les ordenó hacerlo.[1] Con todo, a pesar de la intervención del Tribunal para que la parte recurrida cumpliera con el descubrimiento de prueba que le fue cursado, dicha parte seguía incumpliendo, por lo que fue sancionada.[2]

---

[1] Entrada Núm. 45 de SUMAC.
[2] Los sucesivos incumplimientos de la parte recurrida con las órdenes del TPI para descubrir prueba fueron detallados en el tracto procesal de la *Resolución* emitida por un Panel hermano el 25 de mayo de 2023, KLCE202300437, de la cual tomamos conocimiento.

Luego, ante el reiterado incumplimiento de los recurridos con las *Órdenes* del Tribunal acerca del descubrimiento de la prueba, los peticionarios instaron repetidas mociones solicitando del Tribunal los siguientes remedios: (1) la anotación de la rebeldía a estos; (2) se dieran por admitidas las alegaciones 35 a la 51 de la Demanda; (3) se eliminaran las alegaciones responsivas de los recurridos relacionadas a las alegaciones 35 a la 51 de la Demanda y de cualquier defensa que girara en torno a dichas alegaciones.

Como resultado, y "a falta de expresión en contrario por los recurridos acerca de la petición sobre admisión de alegaciones", el 13 de marzo de 2024, el TPI emitió una *Orden* concediendo los remedios enumerados en el párrafo que precede.[3]

Más adelante, el 23 de octubre de 2024, se celebró una vista de Orden de calendarización, en la que el tribunal *a quo* dispuso, en lo que concierne, que el descubrimiento de prueba terminaría el 28 de febrero de 2025, **fecha en la cual iniciarían los términos para la presentación de cualquier moción dispositiva**.[4]

Entonces, una vez fueron atendidos una diversidad de otros asuntos procesales, **el 21 de julio de 2025**, los peticionarios presentaron la *Moción de Sentencia Sumaria*[5] a la cual aludimos en el párrafo introductorio. Pasado un tiempo desde la presentación de la moción dispositiva, el 2 de septiembre de 2025, los peticionarios instaron una *Moción* ante el TPI solicitando que se diera por sometida la moción de sentencia sumaria sin oposición, pues había transcurrido en exceso el término de veinte días para que los recurridos se opusieran (el témino de veinte días para contestar se había excedido por cuarenta y dos días).[6]

---

[3] Entrada Núm. 90 de SUMAC.
[4] Entrada Núm. 130 de SUMAC.
[5] Entrada Núm. 168 de SUMAC.
[6] Entrada Núm. 170 de SUMAC.

En consecuencia, el mismo 2 de septiembre de 2025, **el TPI emitió una *Orden* dando por sometida la moción dispositiva pendiente, sin oposición**.[7]

A pesar de la referida *Orden,* y a casi cuatro meses de presentada la *Moción de Sentencia Sumaria* por los peticionarios, los recurridos instaron una *Moción sobre Desestimación de Moción de Sentencia Sumaria,* el 14 de noviembre de 2025.

Como resultaba previsible, el 19 de noviembre de 2025, los peticionarios presentaron una *Moción Urgente en Oposición,* en la que advirtieron que la petición de desestimación aludida era un intento tardío e incorrecto por parte de los recurridos de oponerse a la *Moción de Sentencia Sumaria,* que ya contaba con una *Orden* del Tribunal dándola por sometida.

No obstante, el 25 de noviembre de 2025, el TPI emitió la *Resolución* cuya revocación nos solicitan aquí los peticionarios, denegando la *Moción de Sentencia Sumaria.* Fundamentó tal denegatoria el foro primario en que: la moción contenía un anejo con referencia a páginas inexistentes; se incluyeron informes periciales que no fueron juramentados ni autenticados; el promovente de la moción no podía descansar en la sola eliminación de las alegaciones responsivas de los codemandados para probar los hechos materiales. Para finalizar, en la segunda nota al calce de *Resolución* bajo examen, el foro recurrido explicó que no incluyó determinaciones de hecho en su dictamen denegatorio de sentencia sumaria "por cuanto la moción de sentencia sumaria es denegada exclusivamente debido al incumplimiento de la parte promovente con los requisitos formales y evidenciarios de la Regla 36, sin que ello constituya una adjudicación en los méritos". *Pérez Vargas v. Office Depot,* 203 DPR 687, 703 (2019).[8]

---

[7] Entrada Núm. 171 de SUMAC.
[8] Entrada Núm. 176 de SUMAC.

En desacuerdo, los peticionarios presentaron una *Moción de Reconsideración,* la cual también fue denegada.

Es así como los peticionarios acuden ante nosotros, mediante recurso de *certiorari,* señalando la comisión del siguiente error:

> Erró el Tribunal de Primera Instancia al denegar de plano la Moción de Sentencia Sumaria de la parte peticionaria y, posteriormente, su Moción de Reconsideración, aun cuando la solicitud cumplió con las exigencias de la Regla 36 de Procedimiento Civil, fue apoyada con prueba documental admisible y no fue válidamente controvertida por la parte recurrida; y al así proceder sin identificar controversia material alguna ni formular determinaciones sobre los hechos incontrovertidos, frustrando indebidamente la adjudicación sumaria del caso.

Posteriormente, los recurridos presentaron una *Oposición a Expedición de Petición de Certiorari.*

Con el beneficio de la comparecencia de las partes, estamos en posición de resolver.

## II. Exposición de Derecho

### a. Sentencia sumaria

El propósito de las Reglas de Procedimiento Civil es proveer a las partes que acuden a un tribunal una "solución justa, rápida y económica de todo procedimiento". 32 LPRA Ap. V, R.1; *Batista Valentín v. Batista Valentín,* 2025 TSPR 93; *González Santiago v. Baxter Healthcare,* 202 DPR 281, 290 (2019); *Roldán Flores v. M. Cuebas et al.,* 199 DPR 664, 676 (2018); *Rodríguez Méndez v. Laser Eye,* 195 DPR 769, 785 (2016); *Oriental Bank v. Perapi et al.,* 192 DPR 7, 25 (2014). La sentencia sumaria hace viable este objetivo al ser un mecanismo procesal que le permite al tribunal dictar sentencia sobre la totalidad de una reclamación o cualquier controversia comprendida en ésta sin la necesidad de celebrar una vista evidenciaria. J. A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño,* 1era ed., Colombia, 2012, pág. 218. Procede dictar sentencia sumaria si "las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas y alguna otra evidencia si las hubiere, acreditan la inexistencia de una controversia real

y sustancial respecto a algún hecho esencial y pertinente y, además, si el derecho aplicable así lo justifica". *González Santiago v. Baxter Healthcare,* supra; *Roldán Flores v. M. Cuebas et al.*, supra; *Lugo Montalvo v. Sol Meliá Vacation,* 194 DPR 209, 225 (2015); *SLG Zapata-Rivera v. J. F. Montalvo,* 189 DPR 414, 430 (2013).

La sentencia sumaria resulta adecuada en los casos en donde no existen dudas sobre los hechos esenciales que hagan necesaria la celebración de un juicio, por lo cual solo resta aplicar el derecho a los hechos no controvertidos. *Batista Valentín v. Batista Valentín,* supra; *Jiménez Soto v. Carolina Catering Corp.*, 2025 TSPR 3. Es decir, su uso se recomienda en aquellos casos en que el tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia. *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012).

Por el contrario, no es "aconsejable utilizar la moción de sentencia sumaria en casos en donde existe controversia sobre elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor credibilidad es esencial y está en disputa". *Ramos Pérez v. Univisión,* 178 DPR 200, 219 (2010). Este mecanismo está disponible para la disposición de reclamaciones que contengan elementos subjetivos únicamente cuando no existan controversias de hechos esenciales y pertinentes. *Rodríguez García v. UCA,* 200 DPR 929, 940 (2018); *Velázquez Ortiz v. Mun. de Humacao,* 197 DPR 656, 661 (2017); *Reyes Sánchez v. Eaton Electrical*, 189 DPR 586, 594-595 (2013); *Const. José Carro v. Mun. Dorado*, 186 DPR 113, 129 (2012); *Ramos Pérez v. Univisión,* supra; *Abrams Rivera v. ELA,* 178 DPR 914, 933 (2010).

Así, la sentencia sumaria "vela adecuadamente por el balance entre el derecho de todo litigante a tener su día en corte y la disposición justa rápida y económica de los litigios civiles". *Const. José Carro v. Mun. Dorado*, supra, pág. 130; *Mejías et al. v. Carrasquillo et al.,* supra, pág. 300; *Ramos Pérez v. Univisión,* supra, pág. 220. Por lo tanto, el principio rector

que debe guiar al juez de instancia en la determinación sobre si procede o no la sentencia sumaria es "el sabio discernimiento", ya que, si se utiliza de manera inadecuada, puede prestarse para privar a un litigante de su día en corte, lo que sería una violación a su debido proceso de ley. *Mun. de Añasco v. ASES et al.*, 188 DPR 307, 327-328 (2013). Ello pues, la mera existencia de "una controversia de hecho es suficiente para derrotar una moción de sentencia sumaria [...] cuando causa en el tribunal una duda real y sustancial sobre algún hecho relevante y pertinente". *Pepsi-Cola v. Mun. Cidra et al.,* 186 DPR 713, 756 (2012). Se considera un hecho esencial y pertinente aquél que puede afectar el resultado de la reclamación acorde al derecho sustantivo aplicable. *Ramos Pérez v. Univisión*, supra, pág. 213.

Por otra parte, la duda para impedir que se dicte sentencia sumaria no puede ser cualquiera, sino que debe ser de tal grado que "permita concluir que hay una controversia real y sustancial sobre hechos relevantes y pertinentes". *Ramos Pérez v. Univisión*, supra, págs. 213-214.

Dicho lo anterior, es esencial reconocer que la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R.36, establece de manera específica los requisitos de forma con los que debe cumplir la parte que promueve la moción de sentencia sumaria, así como la parte que se opone a ella. En lo pertinente, la parte promovente debe exponer un listado de hechos no controvertidos, desglosándolos en párrafos debidamente numerados y, para cada uno de ellos, especificar la página o el párrafo de la declaración jurada u otra prueba admisible que lo apoya. A su vez, la parte que se opone a la moción de sentencia sumaria está obligada a citar específicamente los párrafos según enumerados por el promovente que entiende están en controversia y, para cada uno de los que pretende controvertir, detallar la evidencia admisible que sostiene su impugnación con cita a la página o sección pertinente. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 137 (2015). La parte que se opone no puede

descansar exclusivamente en sus alegaciones ni tomar una actitud pasiva. *Toro Avilés v. P.R. Telephone Co.*, 177 DPR 369, 383 (2009). Por el contrario, tiene que controvertir la prueba presentada por la parte solicitante a fin de demostrar que sí existe controversia real sustancial sobre los hechos materiales del caso en cuestión. *González Aristud v. Hosp. Pavía*, 168 DPR 127 (2006).

Nuestro más alto foro ha manifestado que **"a menos que las alegaciones contenidas en la moción de sentencia sumaria queden debidamente controvertidas**, éstas podrían ser admitidas y, de proceder en derecho su reclamo, podría dictarse sentencia sumaria a favor de quien promueve". (Énfasis suplido). *Meléndez González et al. v. M. Cuebas*, supra, pág. 137. Sin embargo, "[t]oda inferencia razonable que se realice a base de los hechos y documentos presentados, en apoyo y en oposición a la solicitud de que se dicte sentencia sumariamente, debe tomarse desde el punto de vista más favorable al que se opone a la misma". *ELA v. Cole*, 164 DPR 608, 626 (2005).

### b. Función revisora del foro apelativo con respecto a la sentencia sumaria dictada por el foro primario

En el caso de revisar una sentencia del Tribunal de Primera Instancia dictada mediante el mecanismo de sentencia sumaria o resolución que deniega su aplicación, nuestro Tribunal de Apelaciones se encuentra en la misma posición que el tribunal inferior para evaluar su procedencia. *Meléndez González et al. v. M. Cuebas*, supra. Los criterios a seguir por este foro intermedio al atender la revisión de una sentencia sumaria dictada por el foro primario han sido enumerados con exactitud por nuestro Tribunal Supremo. *Íd.* A tenor, el Tribunal de Apelaciones debe:

> 1) examinar de *novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario;

2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*;

3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos;

4) y de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de *novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.

Además, al revisar la determinación del TPI respecto a una sentencia sumaria, estamos limitados de dos maneras: (1) solo podemos considerar los documentos que se presentaron ante el foro de primera instancia; (2) solo podemos determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. *Meléndez González, et al. v. M. Cuebas*, supra. El primer punto se enfoca en que las partes que recurren a un foro apelativo no pueden litigar asuntos que no fueron traídos a la atención del foro de instancia. El segundo limita la facultad del foro apelativo a revisar si en el caso ante su consideración existen controversias reales en cuanto a los hechos materiales, pero no puede adjudicarlos. *Meléndez González, et al. v. M. Cuebas*, supra, pág. 115. También, se ha aclarado que al foro apelativo le es vedado adjudicar los hechos materiales esenciales en disputa, ya que dicha tarea le corresponde al foro de primera instancia. *Vera v. Dr. Bravo*, 161 DPR 308, 335 (2004).

Precisamente, en la citada Opinión emitida en *Meléndez González v. M. Cuebas*, supra, nuestro Tribunal Supremo expresó que las Reglas de Procedimiento Civil de 2009 introdujeron un cambio significativo en cuanto a las obligaciones de los tribunales al momento de atender las solicitudes de sentencia sumaria, en específico, al interpretar la Regla 36.4 de Procedimiento Civil, que dispone:

Si en virtud de una moción presentada bajo las disposiciones de esta regla **no se dicta sentencia sobre la totalidad del pleito, ni se concede todo el remedio solicitado o se deniega la misma**, y

es necesario celebrar juicio, **será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos** […]. (Énfasis y subrayado suplidos). 32 LPRA Ap. V, R. 36.4.

Como queda visto, la Regla citada requiere a los jueces que **cuando denieguen una moción de sentencia sumaria de manera parcial o total, determinen los hechos que han quedado incontrovertidos y aquellos que aún están en controversia**. *Meléndez González v. M. Cuebas,* supra. En la misma Opinión, se cita con aprobación al tratadista Cuevas Segarra para explicar que bajo la Regla 36.4 de Procedimiento Civil, *supra,*

> el tribunal […] **está obligado** a determinar, mediante resolución, los hechos esenciales y pertinentes sobre los que no existe controversia sustancial, así como aquellos hechos que estén controvertidos, a los fines de que no se tenga[n] que relitigar los hechos que no están en controversia.
>
> .      .      .      .      .      .      .      .
>
> Lo importante de esta regla es que el nuevo texto **mejorado hace énfasis en el carácter mandatorio** de la determinación de los hechos materiales sobre los cuales no hay controversia sustancial y los hechos materiales que están realmente y de buena fe controvertidos. **Esta es la única forma de propiciar una revisión adecuada por los foros apelativos.** (Énfasis suplido). *Meléndez González v. M. Cuebas,* supra, citando a J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed. T. III, Publicaciones J.T.S., 2011, págs. 1074-1075.

Por otra parte, en *Pérez Vargas v. Office Depot*, 203 DPR 687, 703, (2019), el mismo alto foro explicó que, en **los dictámenes donde se resuelve sumariamente un pleito, <u>concediendo una sentencia sumaria a favor de una parte</u>**, **no se requiere el cumplimiento con la Regla 36.4 de Procedimiento Civil**, supra. (Énfasis y subrayado provistos).

**III. Aplicación del Derecho a los hechos**

a.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, le reconoce al Tribunal de Apelaciones facultad para revisar resoluciones y órdenes interlocutorias dictadas por el TPI, cuando, en lo que nos concierne, "se recurra de la denegatoria de una moción de carácter dispositivo". Precisamente, en el caso ante nuestra consideración, fue denegada la

moción de sentencia sumaria instada ante el TPI por los peticionarios, es decir, se denegó una *moción de carácter dispositivo*, por lo que estamos habilitados para intervenir con tal dictamen interlocutorio.

b.

¿Al denegar la moción de sentencia sumaria presentada por los peticionarios, le correspondía al TPI cumplir con la Regla 36.4 de Procedimiento Civil, *supra*? Respondemos en la afirmativa.

Antes de elaborar sobre la interrogante planteada, nos permitimos un señalamiento sobre el trámite procesal que precedió la *Resolución* recurrida. Según enfatizamos en el tracto procesal, no pasa por inadvertido que el TPI consideró una presunta moción de desestimación de sentencia sumaria instada por la parte recurrida en extremo tardía. La Regla 36.3(b) de Procedimiento Civil, 32 LPRA Ap. V, dispone un término de veinte días de presentada una moción de sentencia sumaria para ser respondida. Más adelante, en el inciso (e) de la misma regla citada, se advierte que, si la parte contraria no presenta contestación a la moción de sentencia sumaria en el término previsto, se entenderá que quedó sometida para la consideración del TPI.

En este caso, la parte recurrida nunca contestó propiamente la *Moción de Sentencia Sumaria* que presentaron los peticionarios. Es decir, dicha parte no dio cumplimiento con los requerimientos que le impone la Regla 36.3(b) de Procedimiento Civil, *supra.* Pero, además, esa parte vino a presentar la supuesta moción de desestimación de sentencia sumaria a casi cuatro meses de instada la moción dispositiva por los peticionarios (violentando el término de veinte días para ello, sin prórroga concedida), y habiendo el propio foro recurrido emitido resolución previa dándola por sometida al no haber sido contestada de manera oportuna. Con todo, el foro primario terminó acogiendo la presunta moción de desestimación que, como bien advirtió la parte peticionaria, se trató más bien de un tardío

esfuerzo de los recurridos por oponerse a la sentencia sumaria en los méritos. La referida moción de los recurridos debió ser rechazada de plano.

Aclarado lo que antecede, entonces atendemos los fundamentos del TPI para denegar la moción de sentencia sumaria y, en particular, el optar por no cumplir con el requisito que dimana de la Regla 36.4 de Procedimiento Civil, *supra,* al no consignar determinaciones de hechos controvertidos e incontrovertidos. El foro recurrido citó a *Pérez Vargas v. Office Depot,* supra, como fundamento para no consignar los hechos controvertidos e incontrovertidos en su resolución denegatoria de sentencia sumaria. Sobre lo mismo, el tribunal *a quo* añadió que la no consignación de los referidos hechos se debió exclusivamente al incumplimiento por la parte promovente con los requisitos formales y evidenciarios de la Regla 36, *supra,* según estos fueron discutidos en el propio dictamen.

Es de notar que la interrogante que nuestro Tribunal Supremo dilucidó a través de *Pérez Vargas v. Office Depot,* supra, fue una muy precisa y distinta a la que está ante nuestra consideración: si cuando **se dispone de la totalidad de un pleito por la vía sumaria** el TPI está obligado a consignar en su Sentencia los hechos incontrovertidos en los que fundamentó su dictamen. Contestó en la negativa. Con mayor precisión, al discutir la relación entre la Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, con la Regla 36.4, *supra,* el alto foro concluyó que cuando se emite una Sentencia por la vía sumaria, las Reglas de Procedimiento Civil relevan a los tribunales de consignar determinaciones de hechos. Sin embargo, **cuando la solicitud de sentencia sumaria es denegada total o parcialmente, se activa el requisito que le impone al TPI la Regla 36.4 de Procedimiento Civil**, *supra,* de modo que **dicho foro viene obligado a consignar en la resolución denegatoria que emita los hechos incontrovertidos y aquellos que permanecen en controversia**.

No hay duda de que estamos revisando una *Resolución* denegatoria de moción de sentencia sumaria; por tanto, según la discusión del párrafo que precede, correspondía al foro recurrido consignar los hechos incontrovertidos y los que permanecían en controversia.

Según expresamos, el foro recurrido sustentó su curso decisorio acerca de la no consignación de hechos, en el presunto incumplimiento de la moción de sentencia sumaria con las formalidades reglamentarios y evidenciarias. Veamos la referida moción dispositiva.

La Regla 36.3(a) de Procedimiento Civil, 32 LPRA Ap. V, enumera los requisitos mínimos (seis) que debe contener la moción de sentencia sumaria. Al observar sus incisos uno al tres, que exigen una exposición breve de las alegaciones de las partes, los asuntos litigios o en controversia y la causa de acción por la cual se solicita la sentencia sumaria, apreciamos que, tanto en el contenido de la *Introducción* de la moción de sentencia sumaria, como en la *Breve relación de hechos* y su *Controversia de la cual se solicita disposición sumaria*, se cumplen con solvencia tales requisitos.[9] Tampoco causa mayor dificultad concluir que la moción bajo discusión cumple con los requerimientos contenidos en los incisos cinco al seis, pues los peticionarios elaboraron sobre las razones por las cuales entendían que debía dictarse sentencia en su favor, junto al derecho que estimaron pertinente, y el remedio al que aspiraban.

Entonces, toca atender el esencial requerimiento de la Regla 36.3(a)(4), que exige que la moción de sentencia sumaria contenga una "relación concisa y organizada en párrafos enumerados, de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible

---

[9] Entrada Núm. 168 de SUMAC.

en evidencia que se encuentre en el expediente del tribunal". Sobre este requisito observamos que, en la octava página de la *Moción de Sentencia Sumaria,* se inició un listado de ciento veintiséis hechos, debidamente enumerados, que se propusieron como incontrovertidos, y para los cuales se incluyó una nota al calce por cada uno refiriendo a la prueba documental que presuntamente los sostenían.[10] Es decir, contrario a lo afirmado por el foro primario en la *Resolución* recurrida, la *Moción de Sentencia Sumaria* presentada por los peticionarios sí cumplió a cabalidad con la formalidad exigida por la Regla 36.3(a)(4) de Procedimiento Civil, *supra.*

Claro, el cumplimiento con la formalidad discutida en el párrafo que antecede en manera alguna suponía, mucho menos obligaba, a que el foro primario tuviera que admitir como incontrovertidos los hechos así propuestos. Puede ocurrir, y ocurre, que la prueba documental que la parte promovente de una sentencia sumaria incluya para establecer un hecho material como incontrovertido no resulte suficiente en derecho para lograr tal cometido, en cuyo caso lo que procede es identificar en la denegatoria de sentencia sumaria el hecho que continúa en controversia. Esto, sin embargo, no da lugar al rechazo de plano de la moción presentada, puesto que bien puede ser el caso que la parte promovente sí lograra establecer algunos otros de los hechos materiales propuestos como incontrovertidos, a través de los distintos medios que la Regla 36.3(e) de Procedimiento Civil, 31 LPRA Ap. V, reconoce, (deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, declaraciones juradas, u otra evidencia).

Vista la totalidad de los hechos propuestos como incontrovertidos en este caso por la parte promovente de la moción de sentencia sumaria, frente a la prueba documental ofrecida para tal propósito, juzgamos que

---

[10] Id., págs. 8 a la 26 de la *Moción de sentencia sumaria.*

sí habían hechos que debieron ser enumerados como incontrovertidos, aunque otros no lo fueran por las causas señaladas en la *Resolución* recurrida y tal ejercicio debió constar en dicho dictamen.

En consecuencia, resultaba necesario que, **denegada la moción dispositiva presentada**, el TPI realizara el ejercicio de auscultar cuáles de la totalidad de los hechos propuestos como incontrovertidos quedaron así establecidos y cuáles no. Es decir, el foro primario debió adherirse al cumplimiento con la Regla 36.4 de Procedimiento Civil, *supra*, que lo obligaba a determinar los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y aquellos que permanecen controvertidos.

En definitiva, el TPI abusó de su discreción al denegar la *Moción de Sentencia Sumaria* instada por los peticionarios sin cumplir con la obligación que le impone la Regla 36.4 de Procedimiento Civil, *supra.*

**IV. Parte dispositiva**

De conformidad con lo expresado, expedimos el recurso de *certiorari* solicitado y ordenamos que el Tribunal de Primera Instancia cumpla con el requerimiento de la Regla 36.4 de Procedimiento Civil, *supra*, aquí discutido.

Lo acordó y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones